J-S26028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                    :
             v.                       :
                                    :
                                    :
KENDRICK COOPER                :
                                    :
            Appellant           :     No. 1885 EDA 2017

Appeal from the PCRA Order May 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013617-2010

BEFORE: BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                       Filed July 20, 2018

Kendrick Cooper appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Reginald Kinley and Dana Blaylock, both of whom were involved in illicit drug sales and knew Appellant, met at the intersection of 38th and Brandywine Streets in Philadelphia on February 24, 2009, so Mr. Blaylock could give Mr. Kinley a ride home. Appellant, with a firearm drawn and drug dealer Maurice McIntosh standing behind him, rapped on the window of Mr. Blaylock's car. Appellant tried to pull Mr. Blaylock from the car, while Mr. Kinley exited the vehicle and took cover in nearby bushes. Mr. Blaylock was able to escape, but Appellant caught up with him and shot him multiple times in the torso. Kevin Twyne witnessed the incident from his nearby second-floor apartment. Mr. Blaylock's body was discovered by police and transported to the hospital, where he was pronounced dead on arrival.

---

\*   Former Justice specially assigned to the Superior Court.

In 2011, Appellant was sentenced to life imprisonment after a jury convicted him of first-degree murder. This Court affirmed Appellant's judgment of sentence and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Cooper*, 82 A.3d 1082 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 84 A.3d 1062 (Pa. 2014).

Appellant filed a timely *pro se* PCRA petition in June 2014. No action was taken on the petition for more than a year. Appellant, still proceeding *pro se*, filed supplements to his petition in September, November, and December 2015. In September 2016, counsel, who apparently was appointed at some point by means not reflected on the docket, entered an appearance on behalf of Appellant.

On December 4, 2016, counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant filed a *pro se* response. The PCRA court issued notice of its intent to dismiss Appellant's petition in March 2017, and Appellant timely filed *pro se* objections. The PCRA court dismissed Appellant's petition by order of May 25, 2017. Appellant filed a timely *pro se* notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review.

1) Was Appellant denied due process of law by ineffective assistance of [trial] counsel?

2)    Was Appellant denied due process of law by the ineffective assistance of appellate counsel?

3)    Was Appellant wrongfully convicted of crimes he is actually innocent of in violation of his [Fifth, Sixth, and Fourteenth Amendment] right[s]?

Appellant's brief at 5 (some capitalization altered).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled.   We must determine whether the PCRA court's ruling is supported by the record and free of legal error."   **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

Regarding Appellant's claims that he received ineffective assistance of counsel, the following principles guide our review.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise.  In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> > To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.   To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would

- 3 -

have been different but for counsel's action or inaction.

***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa.Super. 2017) (citations and quotation marks omitted).

With Appellant's first question on appeal, he raises various complaints about trial counsel's preparedness. Appellant claims that his trial counsel was ineffective in failing to review the statements given by Kevin Twyne, the man who witnessed the shooting from his window. Appellant maintains that Mr. Twyne's statement was the result of police coercion. Appellant's brief at 20-21.

The PCRA court addressed Appellant's claim as follows.

Initially, [Appellant's] claim fails as "it is settled law that [a defendant] lacks standing to assert the alleged deprivation of another's constitutional rights." ***Commonwealth v. Brown***, 342 A.2d 84, 91 (Pa. 1979) (quoting ***Commonwealth v. Butler***, 291 A.2d 89, 90 (Pa. 1972)). Accordingly, counsel would have had no grounds to seek the suppression of [Mr.] Twyne's statement to police.

[Appellant's] underlying claim is also without merit because [he] fails to proffer any evidence that shows [Mr.] Twyne's statement actually was the result of coercion. While [Mr.] Twyne testified that he was present at the Homicide Division for approximately two days before he gave his statement to police, [he] testified that he did not feel pressured to provide the statement, and that he did not feel like he would never leave unless he told police something. [Appellant] has failed to proffer any evidence that would show that [Mr.] Twyne's statement was not freely made. Accordingly, [Appellant's] underlying claim is without merit.

[Appellant] claims that trial counsel failed to properly investigate [Mr.] Twyne and have [his] testimony suppressed on the basis that [he] could not have seen the shooting and because

- 4 -

of contradictory facts contained in [his] statement. Specifically, [Appellant] argues that [Mr.] Twyne could not have seen and heard the shooting through a sealed, covered window while his television was on and with only one good eye, and that [he] contradicted other evidence regarding the description of the getaway car, the gun, the number of people in the car, and the description of the shooter. However, contradictions in the evidence provide no grounds for the suppression of [Mr.] Twyne's testimony. Rather, these contradictions go to the weight that the jury was free to give [his] testimony.

Moreover, counsel cross-examined [Mr.] Twyne concerning his ability to observe the shooting through his covered windows while the television was on, and so the jury was aware of the conditions under which [Mr.] Twyne made his observations. Accordingly, trial counsel was not ineffective for failing to properly investigate and suppress [Mr.] Twyne's testimony.

PCRA Court Opinion, 8/8/17, at 5-6 (some citations omitted).

The PCRA court's findings are supported by the record, and we discern no error of law or abuse of discretion. Accordingly, Appellant has failed to convince us that the PCRA court erred in dismissing his claim regarding Mr. Twyne. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Appellant next faults trial counsel's failure to interview Andre Blaylock ("Andre"), who was the brother of the victim, and Aisha Gardner, the victim's girlfriend. Appellant notes that the police statement given by Andre supports his theory that the victim, a drug gang leader, was assassinated by a rival gang with Mr. Kinley's complicity, since Mr. Kinley was in position to help fill the vacuum left by the victim's death. Appellant's brief at 21. Appellant

- 5 -

contends that the police statement of Ms. Gardner reveals that she had information to impeach Mr. Kinley's testimony. Appellant's brief at 19-20.

When raising a claim that counsel was ineffective in failing to call a witness, a PCRA petitioner must show all of the following:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009) (quoting ***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007)). Here, Appellant merely relies upon the police statements, and offers noting to show that Andre or Ms. Gardner was available or willing to testify on his behalf at trial. ***See Commonwealth v. Bryant***, 855 A.2d 726, 748 (Pa. 2004) (holding petitioner failed to demonstrate that counsel was ineffective in failing to call at second trial witnesses who testified at his first trial, where he "made no proffer as to whether these witnesses were willing and able to testify at [his] second trial, much less that they would stick to their stories") .

Even if these witnesses were ready and willing to testify on Appellant's behalf, and testified consistent with their police statements, Appellant has not shown that the absence of their testimony was so prejudicial as to deny him a fair trial. The PCRA court explained that Andre's statement actually confirms that Mr. Kinley identified Appellant as the shooter, and thus would have bolstered, rather than impeached, Mr. Kinley's trial testimony. PCRA Court

Opinion, 8/8/17, at 8. Further, the court determined that it is unlikely that evidence that Mr. Kinley told Andre that Appellant was wearing a red hoodie, while he testified at trial that it was a black shirt "would have undermined Kinley's identification of [Appellant] as the shooter." ***Id***.

A review of Ms. Gardner's police statement reveals that it does not support Appellant's contentions that Mr. Blaylock never provided transportation to Mr. Kinley, or that Ms. Gardner witnessed Mr. Kinley repeatedly calling to "entice the victim to come out of the building" upon different pretenses. Appellant's brief at 20. On the contrary, Ms. Gardner indicated in her statement that Mr. Blaylock **always** drove Mr. Kinley around. Supplemental PCRA Petition, 9/1/15, at Appendix 7. Further, there is no indication that Ms. Gardner had information that Mr. Kinley twice called the victim in attempts to lure him outside. As Mr. Blaylock was already on the phone when he walked into the apartment, Ms. Gardner did not know who called whom. ***Id***.

Accordingly, we see no error in the PCRA court's determination that Appellant's claims regarding Andre and Ms. Gardner lack merit. ***See Bryant***, ***supra*** (holding no prejudice resulted from failure to call witnesses who testified at earlier proceeding because, even if witnesses were willing to cooperate, their testimony was not helpful).

Appellant also contends on appeal that trial counsel was ineffective in not raising an objection pursuant to ***Brady v. Maryland***, 373 U.S. 83 (1963),

to the Commonwealth's failure to turn over evidence collected during the police investigation, in particular the information obtained from search warrants for various cellular phones. Appellant's brief at 17.

Appellant did not raise any claim related to missing phone records in his PCRA petition or any of the supplements thereto. Nor did he state such a claim in response to PCRA counsel's *Turner*/*Finley* letter or the PCRA court's notice of intent to dismiss. This Court will not consider PCRA claims raised for the first time on appeal. *See*, *e.g.*, *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Appellant next raises issues regarding the performance of his direct appeal counsel. He first asserts that appellate counsel was ineffective in not challenging the sufficiency of the evidence. Appellant's brief at 25. Particularly, Appellant asserts that counsel should have contended that the Commonwealth offered neither evidence that Appellant had any motive for killing Mr. Blaylock nor a witness to establish that Appellant was the shooter. *Id*. at 26. He also raises the issue of appellate counsel's failure to argue that the trial court erred in suggesting that the Commonwealth request a jury charge concerning accomplice liability. *Id*.

Direct appeal counsel did raise the very arguments Appellant presents in this appeal. *Cooper*, *supra* (unpublished memorandum at 5). This Court

rejected them.[1]  *Id*. (unpublished memorandum at 6-11) (holding that it was reasonable for the jury to find that Appellant was the person who shot the victim given the testimony of Mr. Kinley and Mr. Twyne; that motive was established by Mr. Kinley's testifimony that Appellant and the victim had argued over money a few weeks before the shooting,[2] and intent to kill was shown by Appellant's  use of a deadly weapon on a vital part of the victim's body; and that, even if the trial court erred in *sua sponte* suggesting an accomplice-liability jury instruction, it was harmless).

Appellant has pointed to no deficiencies in the manner in which direct appeal counsel litigated these claims, nor cited additional authority that was likely to garner a more favorable result.  Appellant has not shown that he

_____

[1] At first blush it appears that PCRA relief is unavailable on these claims because they were previously litigated.  *See* 42 Pa.C.S. § 9543(a)(3) (providing that, to be eligible for relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived"). However, our Supreme Court has explained that

> collateral claims of trial counsel ineffectiveness deriving from an underlying claim of error that was litigated on direct appeal cannot automatically be dismissed as "previously litigated." Rather, Sixth Amendment claims challenging counsel's conduct . . . are analytically distinct from the foregone claim of trial court error from which they often derive, and must be analyzed as such.

*Commonwealth v. Puksar*, 951 A.2d 267, 274 (Pa. 2008).

[2] Moreover, we note that "[i]t is well established that the Commonwealth is not required, as a matter of law, to prove the accused's motive even where the offense charged is murder in the first degree." *Commonwealth v. Briggs*, 12 A.3d 291, 340 n.44 (Pa. 2011).

suffered any prejudice as a result of appellate counsel's performance, and no relief is due. *See Commonwealth v. Hanible*, 30 A.3d 426, 443 (Pa. 2011) (holding that the petitioner failed to overcome the presumption that counsel performed effectively in challenging the conviction on direct appeal where the petitioner (1) offered no persuasive authority to establish that counsel acted unreasonably in emphasizing the unreliability of the evidence, and (2) did not demonstrate that there was a reasonable probability that a challenge based instead on due process grounds would have been successful).

With his final argument, Appellant maintains that he is innocent of the crime, and that he was wrongfully convicted as the result of the cumulative effect of counsel's ineffectiveness. Appellant's brief at 27. The PCRA court opined that this claim merely restates the claims already discussed above, and is thus meritless for the reasons discussed *supra*. PCRA Court Opinion, 8/8/17, at 14. It further concluded that, "[t]o the extent that [Appellant] seeks to argue some other claim, his claim is waived for vagueness." *Id*.

We agree with the PCRA court. Appellant in his brief does not support this issue with any contention that we have not already found lacking in merit. He merely reiterates his arguments that the witnesses who testified against him were subjected to lengthy interrogations, that the descriptions of the shooter offered by the witnesses were inconsistent, and that there were *Brady* violations that counsel failed to correct. Appellant's brief at 27. Nor does Appellant offer any authority to suggest that the cumulative effect of the

- 10 -

independently-meritless issues warrants relief. Therefore, Appellant has failed to convince us that his final claim warrants relief. *See Miner*, *supra*.

For the foregoing reasons, we conclude that the PCRA court properly entered its order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018